UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BOYD McCHRISTIAN,

    Plaintiff,

    v.

ANDERSON, et al.,

    Defendants.

CAUSE NO. 3:21-CV-43-JD-MGG

OPINION AND ORDER

Boyd McChristian, a prisoner without a lawyer, is proceeding in this case on three claims. First, he is proceeding "against Officer Anderson in his individual capacity for compensatory and punitive damages for using excessive force against him on December 29, 2019, in violation of the Eighth Amendment[.]" ECF 17 at 7. Second, he is proceeding "against Officer Anderson and Captain Bootz in their individual capacities for compensatory and punitive damages for placing him in a feces-encrusted cell for a week starting December 29, 2019, in violation of the Eighth Amendment[.]" *Id.* Third, he is proceeding "against Officer Houston in his individual capacity for compensatory and punitive damages for [finding] him guilty of a false conduct report in retaliation for grievances McChristian had filed against him in violation of the First Amendment[.]" *Id.*

The defendants filed a motion for summary judgment, arguing McChristian did not exhaust his administrative remedies before filing suit. ECF 59. McChristian filed a response, and the defendants filed a reply. ECF 64, 70. McChristian then filed an

unauthorized surreply, which this court construed and docketed as an amended response. ECF 72, 73, 74. The defendants filed an amended reply. ECF 77. McChristian then filed an unauthorized surreply, which this court struck. ECF 79, 80. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the

administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from exhausting if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, "a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The defendants argue McChristian did not exhaust his administrative remedies prior to filing this lawsuit because (1) he did not appeal the denial of his grievance related to his excessive-force claim against Officer Anderson, and (2) he never filed any grievance related to his other claims that he was placed in a feces-encrusted cell and that Officer Houston retaliated against him. ECF 60 at 7. Specifically, the defendants provide McChristian's grievance records and an affidavit from the prison's Grievance Specialist, which show the following: The Offender Grievance Process in effect in 2019 requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution after attempting to resolve the concern informally; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 59-2 at 3. On January 29, 2020, McChristian submitted Grievance 111191, complaining he was assaulted by Officer Anderson on December 29, 2019. ECF 59-1 at 7; ECF 59-5 at 2. On February 4, 2020, the grievance office denied Grievance 111191 on the merits,

3

concluding that video surveillance showed McChristian initiated the physical contact and staff handled the situation appropriately. ECF 59-1 at 7; ECF 59-5 at 1. McChristian did not appeal the grievance office's denial of Grievance 111191. ECF 59-1 at 6-7; ECF 59-4. The grievance office has no record of ever accepting any grievance from McChristian related to his allegations he was placed in a feces-encrusted cell and Officer Houston retaliated against him. ECF 59-1 at 7.

In his response, McChristian does not argue or provide any evidence he appealed the grievance office's denial of Grievance 111191 or that the appeal process was unavailable to him. ECF 74. The court therefore accepts as undisputed that McChristian did not fully exhaust Grievance 111191. Instead, McChristian argues his administrative remedies were unavailable because (1) the grievance office improperly rejected other grievances he submitted related to his claims in this lawsuit, and (2) his claims in this lawsuit were not grievable. Each of McChristian's arguments will be addressed in turn.

Regarding McChristian's first argument, he argues his administrative remedies were unavailable because he submitted other grievances related to his claims in this lawsuit which were improperly rejected by the grievance office. ECF 74 at 2-3. Specifically, he provides copies of four rejected grievances which he alleges are relevant to his claims in this lawsuit. First, he provides a copy of a grievance he submitted on January 9, 2020, in which he complained he was placed in a cell with feces-encrusted walls and prevented from practicing his religion, communicating with his family, attending recreation, making phone calls, accessing his mail, and accessing the court

4

system. ECF 74-1 at 9. The grievance office rejected this grievance because (1) McChristian did not provide evidence he had tried to informally resolve his complaint prior to submitting the grievance, and (2) it contained multiple events or issues. *Id.* at 8. McChristian provides no evidence the grievance office's rejection of this grievance was improper or that he corrected and resubmitted this grievance after it was rejected. *See* ECF 59-2 at 10 (providing that it is the responsibility of the offender to make any necessary revisions to a rejected grievance form and return the revised form to the Grievance Specialist within five business days). Thus, McChristian has not shown the grievance office's rejection of this grievance made the grievance process unavailable to him.

Next, McChristian provides evidence that, prior to submitting Grievance 111191, he submitted another grievance complaining of Officer Anderson's use of force which was rejected by the grievance office because he did not provide evidence of attempts at informal resolution. ECF 74-1 at 5-6. McChristian does not argue or provide any evidence the grievance office improperly rejected this grievance. Regardless, even assuming the grievance office improperly rejected this grievance, this did not make the grievance process unavailable to McChristian because he was able to correct and resubmit this grievance as Grievance 111191, which was accepted by the grievance office and denied on its merits.

Lastly, McChristian provides evidence he submitted two grievances in 2022 which were both rejected by the grievance office. ECF 74 at 5-7. But McChristian cannot rely on these grievances to show exhaustion because the record shows these grievances

5

complained of issues with the prison's food and law library materials and were not related to his claims in this lawsuit. *See* ECF 74 at 7; ECF 77-1; ECF 77-2; *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (holding that exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it). Moreover, McChristian cannot rely on these grievances because he filed them after he filed the instant lawsuit. *See Perez,* 182 F.3d at 535 ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."). Accordingly, McChristian has not shown that the grievance office made his administrative remedies unavailable.

Regarding McChristian's second argument, he argues he had no available administrative remedy because his claims in this lawsuit were not grievable, as they complained of "staff duties" and "violations of law." ECF 74 at 1-3. The Offender Grievance Process does list "Federal, State, and local law" and "staff duties" as examples of non-grievable issues. ECF 59-2 at 3-4. However, the Offender Grievance Process allows an offender to grieve "actions of individual staff," which includes the conduct at issue in this case. ECF 59-2 at 3; *see Ross v. Blake*, 578 U.S. 632, 644 (2016) ("When an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion."). Specifically, each of McChristian's claims in this lawsuit complain that prison staff violated his constitutional rights by committing a specific act, and do not complain of generalized staff duties or a violation of Federal, State, or local law. Moreover, the

undisputed facts show McChristian submitted grievances regarding both of his Eighth Amendment claims, and the grievance office did not reject either of those grievances as non-grievable. *See* ECF 59-5 at 1; ECF 74-1 at 8. Thus, McChristian has not shown his claims in this lawsuit were not grievable.

Accordingly, the undisputed facts show McChristian did not exhaust any grievance related to his claims in this lawsuit, and McChristian has provided no evidence his administrative remedies were unavailable or his claims were not grievable. Thus, the defendants have met their burden to show McChristian had available administrative remedies he did not exhaust prior to filing this lawsuit. Summary judgment must be granted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 59); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Boyd McChristian and to close this case.

SO ORDERED on September 2, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT